NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR JESUS RODRIGUEZ-MORENO, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 15-72272 Agency No. A201-184-100 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Oscar Jesus Rodriguez-Moreno, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying cancellation of removal. We dismiss

the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Rodriguez-Moreno's contentions that the agency failed to consider his arguments on appeal, violated due process by mischaracterizing or failing to consider evidence, and failed to conduct a future-oriented analysis are not supported by the record, and do not amount to colorable claims that would invoke jurisdiction over the agency's hardship determmination. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation omitted)); *Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) ("[A]n alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence.").

We lack jurisdiction to consider Rodriguez-Moreno's unexhausted contention that he was denied a full and fair hearing before the IJ. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the BIA).

**PETITION FOR REVIEW DISMISSED.**